ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MITTAL STEEL USA, INC., *et al.*, ) | |
| ) | CASE NO. 5:06CV856 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| PRAXAIR, INC., ) | MEMORANDUM OPINION & ORDER |
| ) | [Resolving Doc. 13] |
| Defendant. ) | |
| ) | |

This matter comes before the Court on motion by Defendant Praxair, Inc ("Defendant"). Defendant moves the Court to transfer this case to the United States District Court for the Northern District of Illinois or the Northern District of Indiana on the grounds that either district is a more convenient forum. Plaintiffs Mittal Steel USA, Inc., *et al.*, oppose the transfer, claiming that venue is proper. For the reasons set forth herein, Defendant's motion is GRANTED and the Court hereby transfers the case to the United States District Court for the Northern District of Indiana, Hammond Division.

**I. Facts & Procedure**

Praxair, Inc. (Defendant) operates the Calumet Pipeline (Pipeline), which supplies industrial gases to steel mills located within 50 miles of Chicago. To date, the Pipeline is the exclusive means for supplying high volumes of industrial gases in eastern Illinois and northwest Indiana. Mittal Steel USA, Inc. (Plaintiff) operates three steel mills located along the Pipeline, and receives industrial gases from Defendant. All three mills, the entire length of the Pipeline, and the parties are located within Illinois and Indiana.

On April 11, 2006, Plaintiff filed this action, alleging Defendant violated antitrust law by forcing Defendant to enter into long-term contracts for the delivery of industrial gases to its mills in eastern Illinois and northwest Indiana.  The parties negotiated the supply contracts, at least in part, in Ohio.  In paragraphs 4-8 of its complaint, Plaintiff alleges that Defendant's actions reduced competition in the "relevant market" of eastern Illinois and northwest Indiana.

On June 12, 2006, Defendant moved to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendant asserts that venue in this district is inappropriate and inconvenient based on (1) Plaintiff's definition of the "relevant market" and (2) the location of the Pipeline and the steel mills in eastern Illinois and northwest Indiana.  On July 19, 2006, Plaintiff filed its opposition to the motion to transfer, arguing that venue is proper in this district.

### III.  Law & Analysis

Section 1404(a) of Title 28 of the United States Code provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  In evaluating a motion to transfer under § 1404(a), this Court considers private and public interests.  *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citation omitted).  The private interests include the convenience of the parties and witnesses, accessibility of sources of proof, and the costs of securing testimony.  *Rustal Trading US, Inc. v. Makki*, 17 Fed.Appx. 331, 336 (6th Cir. Aug. 21, 2001), citing *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). Public interests include having local controversies adjudicated locally, the relative administrative burden in the courts of the two forums, and the two courts' familiarity with the applicable law. *Id.*  While the Court gives great weight to a plaintiff's choice of forum, "this factor is not

dispositive." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998) (citation omitted). However, the defendant bears the burden of overcoming the presumption that the plaintiff chose the proper forum. *See Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991) (explaining that § 1404(a) does not require the defendant to make a "strong showing" of inconvenience as required by the forum non conveniens doctrine).

The Court finds that Defendant has met its burden in showing that it would be more convenient to litigate the case in the Northern District of Indiana as opposed to this district. *See Roberts Metals*, 138 F.R.D. at 93. Most important, Plaintiff raises issues that are local to businesses and customers located in eastern Illinois and northwest Indiana.[1] In contrast, the case's connection to this District is tenuous at best. Because local controversies should be adjudicated locally, it is in the public's interest to transfer this case. *See Dowling*, 727 F.2d at 612 .

Defendant also has demonstrated that the private interests weigh in favor of a transfer. The vast majority of issues raised by Plaintiff relate to matters inextricably tied to northwest Indiana, such as the lack of competition in the market area. The Court is persuaded that, because Plaintiff focuses on the "relevant market" of eastern Illinois and northwest Indiana, it will attempt to substantiate its antitrust claims from witnesses located in that area. Thus, it will be more convenient and likely less costly to have the witnesses testify in Indiana than in this district. Likewise, because Plaintiff's proof of anti-competitive conduct will need to come from

---

[1] Indicative of the local nature of the controversy is the fact that Plaintiff does not allege that Defendant's conduct affected any of Plaintiff's steel mills located in this district.

the area served by the Pipeline, litigating the case in the Northern District of Indiana ensures easier access to sources of proof.[2] For example, Defendant anticipates refuting Plaintiff's claims with the testimony of non-party customers located primarily in Indiana. Finally, litigating the case in Indiana will be more convenient to the parties than doing so in this district, as (1) Plaintiff is based in nearby Chicago; (2) Defendant maintains an office in northwest Indiana; and (3) Plaintiff's mills are located within 15 miles of Hammond.

### III. Conclusion

Defendant's Motion to Transfer is GRANTED and the Court hereby transfers the case to the United States District Court for the Northern District of Indiana, Hammond Division.

IT IS SO ORDERED.

| | |
|---|---|
| *August 18, 2006* | *s/John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |

---

[2] Plaintiff argues that the accessibility to the sources of proof weighs against a transfer because the supply contracts are located in this district. However, Plaintiff has not shown that it would be inconvenient to access the contracts following a transfer.